## Sam Woodward v. The State.

1. **Indictment.** — When the indictment *directly* charges the carrying of a pistol about the person, the idea of the accused being a traveller is sufficiently negatived, as such excepted class are lawfully allowed to carry arms only with their baggage.

2. **Jurisdiction of County Courts.** — The County Courts of this State have jurisdiction, equally with justices' courts, to hear and determine misdemeanor cases when the penalty imposed does not exeed a maximum fine of $200.

3. **Evidence.** — Evidence showing that the pistol was held in the hand of the accused is sufficient to sustain the allegation of having it about his person.

Appeal from the County Court of Cass. Tried below before the Hon. E. Croft, County Judge.

The opinion discloses the case.

*J. H. Henderson*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

White, J. Appellant was indicted under article 6512, 2 Paschal's Digest, for unlawfully carrying a pistol.

One ground of the motion in arrest of judgment was, that the information did not negative one of the exceptions enumerated in the statute, to wit, that defendant was a person travelling in the State, and keeping and carrying arms with his baggage. Every other exception mentioned in the statute was negatived in express terms. He is charged *directly* with carrying the pistol about his person, and this substantially negatives the idea that he was a traveller, for that excepted class are only allowed to keep and carry arms with their baggage.

In addition to this, it is alleged that he carried the weapon unlawfully and contrary to the statute. We think the information is sufficient. See *Duke* v. *The State*, 42 Texas,

455 ; *Smith* v. *The State*, 42 Texas, 460, and *Blasdell* v. *The State*, decided at the present term of this court, *ante*, p. 263.

The next point raised in the case which we will notice was as to the jurisdiction of the court, and it is contended that because the fine imposed as a penalty by the statute is in its maximum limited to $100, therefore the County Court had no jurisdiction, and the case came within the exclusive jurisdiction of the justice's court. This question has been settled by this court in the case of *Pat Solon* v. *The State*, just decided, *post*, p. 301.

We see no error in the charge of the court as given to the jury, nor in the refusal of the special instruction asked by defendant. As given, the charge presented the law of the case.

Another point relied upon by the defendant, and made in his motion for a new trial, in his assignment of errors, and urgently insisted upon in the brief of his counsel here, is that the evidence does not sustain the allegation in the information. " The bill of information alleging that defendant did carry *about* his person a pistol, while the testimony shows that he had a pistol, if at all on his person, viz., *in his hand.*" We cannot well see how he could have a pistol *in his hand* unless he had it *about his person.*

The evidence is amply sufficient to sustain the verdict and judgment ; and, there being no error, the judgment is affirmed.

*Affirmed.*